FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO

2018 MAY 24  PM 1:19

JEFFREY P. COLWELL
CLERK

BY_____DEP. CLK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Loredana Aday
Plaintiff.

Case No.

-v-

CAPITAL ONE BANK, (USA) NA.   **18-CV-01272**
MACHOL & JOHANNES, LLC
Randall D Johannes, Jacques A. Machol, III,
Heather L. Cannon, et al.
Defendant(s).

## COMPLAINT

Plaintiff, Loredana Aday, individually, hereby sues Defendant(s), Capital One Bank, an unknown entity; a Delaware Corporation; and Law Office of Machol & Johannes, Randall D Johannes, Jacques A. Machol, III, Heather L. Cannon, for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 and Colorado Fair Debt Collection Practices Act, CO Rev Stat § 5-16-113 (1)(C)(2017)

### PRELIMINARY STATEMENT

1. This is an action for damages brought for damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 *et seq.*; for damages for violations of the Colorado Consumer Collection Practices Act Section 5-5-101; and for damages for violations of the Fair Credit Reporting Act (FCRA) 15 U.S.C. §1681 *et seq.*

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is conferred by 15 U.S.C. §1681p and 15 U.S.C. §1692k. The court has supplemental jurisdiction over state law claims.

3. Venue is proper in this District pursuant to 28 U.S.C. §1391b.

4. This is an action for damages which exceed 150,000.00.

5. Plaintiff, Loredana Aday, is a natural person and is a resident of the State of Colorado.

6. Defendant(s), CAPITAL ONE BANK USA, NA ("Capital One Bank"), is an unknown entity, not authorized to do business in Colorado

7. Defendant(s), **MACHOL & JOHANNES, LLC, Randall D Johannes, Jacques A. Machol, III, Heather L. Cannon,** ("Capital One Bank"), is a Colorado Corporation, authorized to do business in Colorado.

8. All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. In 2004, Plaintiff obtained a credit card from Defendants Capital One Bank. The credit card account number, 4862369015064403. The account was closed at about 2016. Defendants Capital One Bank refused to abide by the Fair Credit Reporting Act in removing inaccurate items, on the Plaintiffs credit file. internal creditors process and/or procedures are as follows. Creditor will write off an account balance after a certain amount of time of non-payment. That bad debt is referred to as a "charge-off." After 180 days of non-payment the creditor can no longer keep the debt on their books as an asset and therefore write it off as a bad debt. The account is placed as zero on their books and the account may be transferred or sold to a collection agency as a charge-off, factual inaccuracy. If the account was transferred or sold to a collection agency, then the past due amount should be at zero. If the past due amount is reporting on your credit report for a charged-off account, that is incorrect reporting. Defendants Capital One Bank is misleading and misrepresenting the Plaintiff, by reporting damaging items on the Plaintiffs credit files.

10. On February 26, 2018, Plaintiff sent a Notice of Dispute and Voidable Contract Misrepresentation, Capital One Bank willfully disregarded the Fair Credit Reporting Act. By reporting factual inaccuracy on the Plaintiffs credit files.
**(See Attached Exhibits)**

11. At about the same time that the accounts were disputed, Defendants Capital One Bank, was reporting false, incorrect information to the credit reporting agencies, Equifax, Experian, and Trans Union, Defendants continued reporting misleading inaccurate information despite Plaintiff's numerous disputes about the account that were transmitted via USPS Certified Mail 7013 100 0001 0385 5425. Defendants, Capital One Bank, have repeatedly failed to conduct a proper investigation of Plaintiffs disputes and repeatedly failed to inform the Plaintiff, with a complete report of the investigation of the consumers credit file. **(See Attached Exhibits)**

12. Defendants Capital One Bank, filed a law suit at TELLER COUNTY COURT, Case Number C602018C30054, on or about April 1, 2018 and was served April 10th, 2018 at 3:30pm to appear at a conference hearing, on April 11th 2018 at 8:30am. 15 hours before the hearing. Defendants Capital One Bank, has demonstrated unfair advantage to the Plaintiff. The Plaintiff filed a Motion of Extension of time. Hearing was set for May 30th, 2018. **(See Attached Exhibits)**

13. On May 9th 2018, The Plaintiff filed at TELLER COUNTY COURT, Case Number C602018C30054 a Motion for Dismissal and it was accepted by Defendants Capital One Bank on May 14, 2018 via USPO Certified Mail 7017240000001533540. Defendants Capital One Bank, collection agencies must now provide evidence of each assignment or transfer of ownership of the debt establishing an unbroken chain of ownership beginning with the original creditor provides that, in a contract action, the contract must be attached. Without that, the (Plaintiff Teller County Case C602018C30054) fails to state a cause of action. **(See Attached Exhibits)**

14. Plaintiff sent Notice of Pending Lawsuit to the Defendants Capital One Bank on May 17, 2018 via USPO Certified Mail 70131000000103855333.
**(See Attached Exhibits)**

15. In closing, Plaintiff contends that the illegal actions of Defendants Capital One Bank have harmed the Plaintiff, resulting in credit denials, credit delays, inability to apply for credit, financial loss, loss of use of funds, mental anguish, humiliation, a loss of reputation, and expenditures for attorney's fees and costs.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION
## PRACTICES ACT (FDCPA), 15 U.S.C. §1692
## BY DEFENDANT CAPITAL ONE BANK

16. Paragraphs 1 through 15 are realleged as though fully set forth herein.

17. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a (3).

18. Defendant Capital One Bank is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

19. Defendant Capital One Bank violated the FDCPA. Defendant's violations include, but are not limited to, the following:
Defendant Capital One Bank violated 15 U.S.C. §1692e(2) by falsely representing the character, amount, or legal status of any debt.
Defendant Capital One Bank violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.
Defendant Capital One Bank violated 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
Defendant Capital One Bank violated 15 U.S.C. §1692e(11) by the failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.
Defendant Capital One Bank violated 15 U.S.C. §1692f(1) by the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

(f) Defendant Capital One Bank violated 15 U.S.C. §1692g by, within five days after
the initial communication with Plaintiff in connection with the collection of any debt, failing to send Plaintiff a written notice containing a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will

be mailed to the consumer by the debt collector; and a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

WHEREFORE, Plaintiff demands judgment for damages against Defendant Capital One Bank for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1692k.

## COUNT II

### VIOLATION OF COLORADO CONSUMER COLLECTION PRACTICES ACT (CCPA),CO Rev Stat § 5-16-123 (1)(a) (2017) BY DEFENDANTS CAPITAL ONE BANK

20. Paragraphs 1 through 15 are realleged as though fully set forth herein.

21. Plaintiff is a consumer within the meaning of the CCPA, CO Rev Stat § 5-16-123 (1)(a) (2017)

22. Defendant Capital One Bank is a creditor within the meaning of the CCPA, CO Rev Stat § 5-16-123 (1)(a) (2017)
and Defendant Capital One Bank is a debt collector within the meaning of the CO Rev Stat § 5-16-123 (1) (2017)

23. Defendants Capital One Bank violated the CCPA. Defendants' violations include, but are not limited to, the following:
Defendants Capital One Bank violated CFDCPA Collection agencies must now provide evidence of each assignment or transfer of ownership of the debt establishing an unbroken chain of ownership beginning with the original creditor provides that, in a contract action, the contract must be attached. Without that, the plaintiff fails to state a cause of action.
Defendants Capital One Bank violated CO Rev Stat § 6-1-105 (u) (2016) by disclosing information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. CO Rev Stat § 5-16-125 (4)(a) (2017)
Defendants Capital One Bank violated CO Rev Stat § 5-5-108 by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Capital One Bank and Capital One Services for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to CO Rev Stat § 5-16-113 (1)(C) (2017)

## COUNT III
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## WILLFUL NON-COMPLIANCE BY DEFENDANTS
## CAPITAL ONE BANK

24. Paragraphs 1 through 15 are realleged as though fully set forth herein.

25. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

26. Defendants Capital One Bank are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

27. Defendants Capital One Bank willfully violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendants Capital One Bank willfully violated

15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.
(b) Defendants Capital One Bank willfully violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.
(c) Defendants Capital One Bank willfully violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.
(d) Defendants Capital One Bank willfully violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to § 1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the account.

WHEREFORE, Plaintiff demands judgment for damages against Defendants Capital One Bank for actual or statutory damages, and punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

## COUNT IV
## VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681
## NEGLIGENT NON-COMPLIANCE BY DEFENDANTS
## CAPITAL ONE BANK

28. Paragraphs 1 through 15 are realleged as though fully set forth herein.

29. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. §1681a(c).

30. Defendants Capital One Bank are furnishers of information within the meaning of the FCRA, 15 U.S.C. §1681s-2.

31. Defendants Capital One Bank negligently violated the FCRA. Defendants' violations include, but are not limited to, the following:

(a) Defendants Capital One Bank negligently violated 15 U.S.C. §1681s-2(a)(3) by, if the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, failing to furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer.

(b) Defendants Capital One Bank negligently violated 15 U.S.C. §1681s-2(b)(1)(A) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, negligently failing to conduct an investigation with respect to the disputed information.

(c) Defendants Capital One Bank negligently violated 15 U.S.C. §1681s-2(b)(B) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to review all relevant information provided by the consumer reporting agencies.

(d) Defendants Capital One Bank negligently violated 15 U.S.C. §1681s-2(b)(C) by, after receiving notice pursuant to §1681i of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, failing to direct such consumer reporting agencies to delete inaccurate information about the plaintiff pertaining to the accounts

WHEREFORE, Plaintiff demands judgment for damages against Defendants Capital One Bank for actual damages, and attorney's fees and costs, pursuant to 15 U.S.C. §1681o.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: May 24th, 2018

Respectfully submitted,

_____  05.24.2018
Loredana Aday    5120
71 Freeman Drive
Florissant, CO 80818

## SEE ATTACHED EXHIBITS